**Donald D. duBoulay**                                    **305 Broadway, Suite 602**
  Attorney at Law                                       New York, NY 10007


Telephone: (212) 966-3970
Fax:       (212) 941-7108
E-mail:    dondubesq@aol.com


April 23, 2026


The Honorable Margo K. Broadie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

      Re: United States v. Eliahou Paldiel
        24 Cr. 329 (MKB)

Dear Judge Broadie:

In advance of the sentencing of Mr. Padiel on April 28, 2026, I write to note Mr. Paldie's objection to that portion of the special conditions of supervised release that advocates the installation of monitoring software on Mr. Paldiel's computer, cell phone and personal devices, and permits the probation officer to review his use of said personal devices.

A District Court is tasked with making an individualized assessment of the need for imposing the condition requested, taking into consideration how the requested special condition will impact a cognizable liberty interest of the defendant, and whether a defendant presents an unusually high risk of reoffending. *See, United States v. Davis*, 2026 WL 696897, (2d Cir. Mar.12 2026)

There is no rational or reasonable basis for the inclusion of this search condition, Mr. Paldiel is not an app developer by trade. The installation of a monitoring device is a significant invasion of privacy and should not be permitted without specific justification. When a district court imposes special conditions, procedural reasonableness requires that the court "must' make an individualized assessment of the need for each condition,,,and more specifically whether a condition is likely to protect the public from a specific defendant's crimes, as opposed to criminality more generally." *Id* at *11.

The proposed reason for the search condition posited by the Probation department, in effect, is to prevent future crime by Mr. Paldiel. That general goal is an insufficient basis to impose the requested search condition in this case. "Exclusive reliance on…generalized considerations is inconsistent with the requirement that the district court make an 'individualized assessment' as to each defendant when determining whether to impose a special condition," *United States v. Oliveras*, 96 F.4th 298, 314 (2d Cir.2024). And the specific condition must be "reasonably related to the relevant sentencing factors, not merely related. *United States v. Sims,* 92 F. 4th 115, 123. As the

Second Circuit has recently noted, "our precedents dictate that to justify imposing an electronic search condition when an electronic device was not used in the commission of the offense, the defendant's criminal history must be extremely lengthy and must contain specific indicators" *U.S v. Jimenez,* No. 24-166-cr, 2026 WL515813 (2nd Cir. Feb 25, 2026).

No specific individualized basis has been established by the probation department, which would warrant the search condition requested by the Probation department.

Respectfully submitted,

/s/
Donald duBoulay

cc: All counsel,